United States District Court
Southern District of Texas
**ENTERED**
December 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRETT DAVID BOGUS, TDCJ #2023182, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2146 |
| | § | |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Criminal Institutions Division, et al., | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brett David Bogus is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Bogus filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Original Complaint") (Docket Entry No. 1), asserting unrelated claims against multiple defendants. The court instructed Bogus to file an amended complaint in compliance with joinder provisions in the Federal Rules of Civil Procedure. (Order to Strike the Complaint, Docket Entry No. 9, p. 4) In response Bogus has filed an Amended Prisoner's Civil Rights Complaint ("Amended Complaint") (Docket Entry No. 13), lodging claims against eight defendants who have reportedly conspired to violate his constitutional rights. Bogus

has also filed Plaintiff's Supplement and Declaration (Docket Entry No. 14) in support of his Amended Complaint.

Because Bogus is an inmate who proceeds in forma pauperis, the court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the claims and dismiss the Amended Complaint, in whole or in part, if it determines that the action is (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Bogus is presently incarcerated by TDCJ at the Jester III Unit.[1] The primary defendant listed in the Amended Complaint is TDCJ Director Bobby Lumpkin.[2] Bogus also names the following defendants who are officers and officials employed by TDCJ at the Jester III Unit: (1) Warden Lonnie Townsend; (2) Correctional Officer Regina T. Brown; (3) Dr. Edgar Hulipas; (4) Practice Manager Justin Thomas; (5) Property Officer Ayanna Williams;

---

[1]Amended Complaint, Docket Entry No. 13, p. 1. For purposes of identification all page numbers refer to the pagination imprinted by the court's Electronic Case Filing ("ECF") system.

[2]Amended Complaint, Docket Entry No. 13, pp. 1, 3.

(6) Grievance Investigator Ashley Lopez; and (7) Correctional Officer Florian Milano.³

Invoking 42 U.S.C. § 1983, Bogus contends that all of the defendants are liable because they have engaged in a "conspiratorial scheme of deceit" designed to deprive him of due process and equal protection in connection with the grievance process.⁴ In support of his conspiracy theory Bogus points to grievances that he filed against Officer Williams, Officer Brown, Dr. Hulipas, and Officer Milano, which were denied or returned with a finding that no further action was warranted.⁵

In September of 2019 Bogus filed a Step 1 Grievance against Officer Williams about personal property that was damaged by "rat infestation" while in storage, noting further that her "'curtness and language' . . . borders on mistreatment."⁶ The grievance was denied after an investigation found no evidence to substantiate Bogus's claim that his property was damaged while in the possession of TDCJ.⁷ Bogus contends that his grievance against Officer Williams was improperly denied, insisting that she failed to

---

³Id. at 3, 7.

⁴Id. at 4.

⁵Id. at 7-9.

⁶See Exhibit A to Original Complaint, Step 1 Grievance No. 2020005612, Docket Entry No 1-1, p. 1.

⁷Id. at 2; see also Exhibit E to Original Complaint, Step 2 Grievance No. 2020005612, Docket Entry No 1-1, pp. 7-8.

inspect his property while it was in storage.[8] Alleging that Officer Williams jeopardized the health and safety of others by failing to properly report the rat infestation, Bogus contends that Williams violated his right to equal protection by misrepresenting material facts about the property damage during the investigation of his Step 1 Grievance.[9]

In October of 2019 Bogus filed a Step 1 Grievance against Officer Brown after she filed a disciplinary case against him for "improper storage" of items in his cell.[10] Although Bogus accused Brown of filing the disciplinary case for purposes of harassment, the Step 1 Grievance was returned with a finding made by an Assistant Regional Director that no action was warranted because Officer Brown denied acting improperly.[11] Bogus argues that Director Lumpkin, Grievance Investigator Lopez, and Warden Townsend must have known that Officer Brown's response to his grievance was false, but failed to take action against her.[12]

---

[8] Amended Complaint, Docket Entry No. 13, p. 9.

[9] Id.

[10] See Exhibit D to Original Complaint, Grievance No. 2020019874, Docket Entry No. 1-1, pp. 5-6.

[11] Id. at 6.

[12] Amended Complaint, Docket Entry No. 13, p. 8; see also Exhibit B to Amended Complaint, Step 1 Grievance No. 2020112430, Docket Entry No. 13, pp. 18-19 (containing allegations of a "scheme of harassment," which Warden Townsend rejected and decided that no action was warranted).

On July 8, 2020, Bogus filed a Step 1 grievance against Dr. Hulipas regarding a sick call request that appears to have concerned restrictions on his housing and ability to work due to limited mobility.[13] Practice Manager Thomas responded that Bogus's claims were not substantiated based on medical records and information provided by Dr. Hulipas.[14] Bogus contends that Dr. Hulipas and Practice Manager Thomas intentionally failed to address his concerns and may have tampered with his medical records.[15]

On July 16, 2020, and September 7, 2020, Bogus filed grievances against Officer Milano for being disrespectful and because Milano ordered Bogus to sweep cobwebs from the ceiling of his cell, which resulted in debris covering the bunks.[16] On September 25, 2020, Bogus filed another grievance against Officer Milano for remarks that Milano made after Bogus complained about television privileges.[17] Bogus contends that Grievance Investigator

---

[13] See Exhibit E to Amended Complaint, Step 1 Grievance No. 2020147788, Docket Entry No. 13, pp. 24-25.

[14] Id. at 25.

[15] Amended Complaint, Docket Entry No. 13, pp. 8-9 (referencing Step 1 Grievance No. 2020147788 and the corresponding Step 2 Grievance, which are attached to the Amended Complaint as Exhibits E and F).

[16] Id. at 7-8 (referencing two unnumbered grievances that are attached to the Amended Complaint as Exhibits C and D, pp. 20-23).

[17] Id. at 7 (referencing an unnumbered grievance that is attached to the Amended Complaint as Exhibit A, pp. 16-17 and Step 1 Grievance No. 2020112430 that is attached as Exhibit B, pp. 18-19).

Lopez failed to provide him with documentation or to follow proper procedures in connection with these grievances.[18]

Bogus contends that the responses to his grievances establish a "common thread" of misrepresentations made by the defendants during the investigation process and a failure by prison officials to follow proper procedures.[19] In particular, he contends that Grievance Investigator Lopez and Warden Townsend have tampered with government documents, i.e., the grievance responses and associated records, by falsifying delivery dates, return dates, extensions of time and misrepresenting other facts.[20] Bogus contends that all of the defendants are liable under 42 U.S.C. § 1983 because the pattern of deceit is evidence of a conspiratorial agreement to violate his constitutional rights during the grievance process.[21] Bogus seeks compensatory and punitive damages for the violation of his rights under the Due Process and Equal Protection Clauses found in the Fourteenth Amendment.[22]

---

[18] Id. at 8.

[19] Id. at 9, 12.

[20] Id. at 8.

[21] Id. at 10. As additional evidence of the conspiracy against him, Bogus references actions taken by officers at two other prison units, which are the subject of a different lawsuit that he filed in the Eastern District of Texas. See id.

[22] Id. at 14.

## II. Discussion

### A. Claims Against Director Lumpkin

Bogus sues Director Lumpkin because he is responsible for the conduct of his employees and "the welfare of offenders."[23] Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional deprivation. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). Bogus does not allege facts showing that Lumpkin had any personal involvement in the processing of his grievances or any of the other incidents referenced in his pleadings. In the absence of personal participation in an offensive act a supervisor cannot be held liable unless he implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Id. at 304 (citations omitted). Because Bogus does not make such a showing here, he fails to state a claim against Director Lumpkin.

### B. Conspiracy to Deny Grievances

Bogus contends that the defendants have engaged in a conspiracy to violate his constitutional rights by failing to

---

[23]Id. at 1, 3.

follow proper procedures and by denying his grievances. Noting that state prison policies are grounded in state law or regulation, the Fifth Circuit has consistently held that the mere failure of an official to follow prison procedures or policies, without more, falls short of establishing a federal constitutional claim. See Taylor v. Cockrell, 92 F. App'x 77, 78, 2004 WL 287339, at *1 (5th Cir. Feb. 12, 2004) (per curiam) (citing Sandin v. Conner, 115 S. Ct. 2293, 2306 (1995); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986)); see also Williams v. Banks, 956 F.3d 808, 812 & n.11 (5th Cir. 2020) ("Our case law is clear . . . that a prison official's failure to follow the prison's own policies, procedures[,] or regulations does not constitute a violation of [the Eighth or Fourteenth Amendment], if constitutional minima are nevertheless met.") (collecting cases) (alteration in original). In other words, an official's failure to follow prison policies or rules may violate state law, but "unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation." Jackson v. Cain, 864 F.2d 1235, 1252 (5th Cir. 1989) (citation omitted).

Bogus does not establish that the defendants infringed upon a constitutional right. The Fifth Circuit has held that a prisoner's claim that his grievances were improperly investigated and denied is properly dismissed because a prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to

-8-

his satisfaction." Schwarzer v. Wainwright, 810 F. App'x 358, 360 (5th Cir. 2020) (quoting Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005)). Likewise, a state prisoner cannot demonstrate that he has a constitutional right to a grievance system. See Schwarzer, 810 F. App'x at 360 (citing Sandin, 115 S. Ct. at 2293); Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995)); see also Edwards v. Turner, No. 1:13-CV-2416, 2014 WL 991920, at *3 (W.D. La. March 13, 2014) (rejecting a prisoner's claim that various officers interfered with his attempts to properly and timely exhaust the administrative grievance) (citing Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [F]ourteenth [A]mendment"); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Bogus fails to otherwise demonstrate that the defendants have improperly conspired to violate his constitutional rights. To establish an actionable claim of conspiracy under 42 U.S.C. § 1983

a plaintiff must show that the defendants agreed to commit an illegal act that violated the plaintiff's civil rights. See Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982); see also McKinney v. McDuffie, 789 F. App'x 413 (5th Cir. 2019) (per curiam). A plaintiff asserting a civil conspiracy claim under § 1983 must plead "'operative facts'" showing a prior illegal agreement; "'bald allegations'" of an agreement do not suffice. See Way v. Mueller Brass Co., 840 F.2d 303, 308 (5th Cir. 1988) (citations omitted); see also Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992) (per curiam) (holding that allegations of conspiracy that are "merely conclusional" will not support an action under 42 U.S.C. § 1983); Bowen v. Quarterman, 339 F. App'x 479, 482 (5th Cir. 2009) (per curiam) (concluding that a prisoner's bare allegation that it was reasonable to believe that the defendants were part of a conspiracy, without any facts that tended to show an agreement between them, was insufficient to state a viable conspiracy claim) (citing Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986)).

Bogus has not alleged specific facts showing that there was an actual agreement among the named defendants to deprive him of a constitutionally protected right. Under these circumstances Bogus has not demonstrated that he has an actionable claim for conspiracy against any of the defendants named in his pleadings. See McAfee v. 5th Circuit Judges, 884 F.2d 221, 222 (5th Cir. 1989) ("It is

now well settled in this Circuit that 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy.") (quoting Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986)). Because Bogus has not articulated a valid claim, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim for which relief may be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Amended Prisoner's Civil Rights Complaint filed by Brett David Bogus under 42 U.S.C. § 1983 (Docket Entry No. 13) is **DISMISSED with prejudice** as frivolous and for failure to state a claim upon which relief may be granted.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, fax: 512-936-2159; and (2) the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 14th day of December, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE